FILED
SUPERIOR COURT
OF GUAM

2013 JUN 29 AM 8: 21

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0894-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DECISION AND ORDER** |
| T. LAFSEEJS PANGELINAN, | ) | (Motion to Dismiss) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion to Dismiss Due to Lack of Probable Cause. Defendant T. Lafseejs Pangelinan ("Defendant") is represented by Assistant Alternate Public Defender Eric R. Overton. The People of Guam ("The People") are represented by Assistant Attorney General Richelle J. Yu. Having reviewed the memorandum and papers presented, the Court now issues the following decision GRANTING Defendant's Motion to Dismiss.

## BACKGROUND

On October 11, 2012, a Complaint was filed charging Defendant with one count of Assault (As a Misdemeanor) and with one count of Family Violence (As a Misdemeanor). As with all crimes, Defendant was charged based upon the facts presented in a police report submitted to the Attorney General's Office following Defendant's arrest. The Complaint arises out of an alleged altercation between Defendant and his girlfriend, Dione Francine Salas, ("Victim"). The Declaration contains the following facts:

> On or about October 9, 2012, at approximately 2:24 p.m., officers from Guam Police Department responded to a disturbance in Yona, Guam. Officers met with Victim, who reported that Defendant, her boyfriend of seven years, was upset, started yelling and swearing profanities directed at her and began throwing belongings around the room. Victim stated Defendant had abused and assaulted

her previously but she was afraid to report it. Victim indicated Defendant was using ice, as she believes she found it in her home but did not report it to police.

Declaration of Teri C. Breloski ("Declaration") at 1.

Defendant filed Motion to Dismiss Due to Lack of Probable Cause on May 3, 2013. The People filed People's Opposition to Defendant's Motion to Dismiss Due to Lack of Probable Cause on March 15, 2013.

## DISCUSSION

Defendant contends dismissal of the First and Second Charges are necessary. Defendant argues the facts presented fail to allege Assault, or that he intended or attempted to put Victim in fear of imminent bodily injury. Defendant also argues the facts presented fail to allege Family Violence, or that he recklessly placed Victim in fear of bodily injury.

Guam law requires that The People prosecute a case by filing a complaint and affidavits to establish probable cause. See 8 GCA § 15.10, § 15.20, and § 45.20; *See also People v. Palomo*, 1998 Guam 12 ¶ 14. Title 8 GCA § 15.10 provides:

**§ 15.10. Complaint Defined.**

The complaint is a written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and filed with a judge of the Superior Court. In any case required by § 1.15 to be prosecuted by Complaint, the Complaint shall be subject to the same rules of pleading as an indictment for information.

8 GCA § 15.10 (2013). Title 8 GCA § 15.20 provides in relevant part:

**§ 15.20. Issuance of Summons or Warrant on Complaint.**

(a)   If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

8 GCA § 15.20(a) (2013). Title 8 GCA § 45.20 provides in pertinent part:

**§ 45.20. Complaint to be Filed; When.**

(a)    Where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to § 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of § 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it.

8 GCA § 45.20(a) (2013).  According to 9 GCA § 30.20(a), "[a]ny person who intentionally, knowingly, or recklessly commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony."  9 GCA 30.20(a) (2013).  Title 9 GCA § 30.10(a) contains the definition of Family Violence and provides:

As used in this Chapter:

(a)    Family violence means the occurrence of one (1) or more of the following acts by a family or household member, but does not include acts of self-defense or defense of others:

(1) Attempting to cause or causing bodily injury to another family or household member;

(2) Placing a family or household member in fear of bodily injury.

9 GCA § 30.10(a) (2013).  Title 9 GCA § 19.30(a) contains the definition of Assault and provides:

**§ 19.30. Assault; Defined & Punished.**

(a)    A person is guilty of assault if he:

(1)  either recklessly causes or attempts to cause bodily injury to another;

(2)  recklessly uses a deadly weapon in such a manner as to place another in danger of bodily injury; or

(3)  by physical menace intentionally puts or attempts to put another in fear of imminent bodily injury.

9 GCA § 19.30(a) (2013).  Title 9 GCA defines Attempt and provides:

## § 13.10. Attempt: Defined.

A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, *he performs or omits to perform an act which constitutes a substantial step toward commission of the crime.*

9 GCA § 13.10 (2013) (emphasis added). Title 9 GCA § 4.30 provides a definition for Recklessly and provides:

A person acts recklessly, or is reckless, with respect to attendant circumstances or the result of his conduct *when he acts in awareness of a substantial risk that the circumstances exist* or that his conduct will cause the result and his disregard is unjustifiable and constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation.

9 GCA § 4.30 (c) (2013) (emphasis added).

The First Charge, which is Assault, alleges Defendant intentionally put or attempted to put Victim in fear of imminent bodily injury. The Declaration states Defendant was upset and started yelling and swearing profanities. Yelling and swearing, without more, does not factually support a charge of Assault. The fact Defendant yelled and swore profanities are not considered a substantial step towards putting one in fear of imminent bodily injury. The Court notes there is no indication the acts of yelling and swearing were violent threats that would have placed Victim in fear of bodily injury. Second, throwing clothing around a room, as alleged, is not found to be an act which constitutes a substantial step towards putting Victim in fear of imminent bodily injury. Again, Assault requires that Defendant's act constitutes a substantial step towards commission of the crime. Here, the Declaration states clothing was thrown around the room and not near or at Victim. Therefore, the Court finds that based on the facts alleged, there is no probable cause to Charge Defendant with Assault.

The Second Charge, which is Family Violence, alleges Defendant recklessly put Victim in fear of bodily injury. The Court's dismissal of this charge is based on its reasoning as stated

*People v. Pangelinan*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0894-12

above. The Defendant's acts of throwing clothing around a room and yelling and swearing profanities is insufficient to suggest Defendant acted with the awareness that there was a substantial risk Victim would be put in fear of bodily injury. Therefore, there is not probable cause to support the Second Charge of Family Violence.

This Court would be setting dangerous precedent if it were to conclude yelling, swearing profanities, and throwing clothes around a room, alone and without more, constitute Assault and Family Violence.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.

**SO ORDERED**, this _____ day of August, 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

AUG 29 2013

*People v. Pangelinan*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0894-12